**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJVEER MUTTI, AKA Rajpal Singh,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-70798

Agency No. A097-744-673

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2021[**]
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Rajveer Mutti (also known as Rajpal Singh), a citizen of India, seeks review
of a Board of Immigration Appeals (BIA) decision denying his untimely and
numerically barred motion to reopen his immigration proceedings, in which Mutti
sought asylum, withholding of removal, and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture (CAT). We review the denial of a motion to reopen for abuse of discretion and may grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA did not abuse its discretion in denying Mutti's second motion to reopen based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To show that he was entitled to reopening on that basis, Mutti had to:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought."

*Agonafer*, 859 F.3d at 1204 (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

The BIA did not abuse its discretion in concluding that Mutti failed to show that conditions had materially worsened in India since his original immigration proceedings more than a decade earlier. The BIA could reasonably conclude that Mutti's participation in a rally in New York was a change in personal circumstances. *See Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (citing *Chandra v.*

2

*Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014) (explaining that, although "personal circumstances may be *relevant* to a motion to reopen based on changed country conditions," a petitioner must "provid[e] sufficient evidence of related changed country conditions")).

The BIA also reasonably concluded, based on an Immigration Judge's prior adverse credibility determination and the contradictions between Mutti's motion to reopen and his earlier testimony, that Mutti's allegations of changed country conditions were "inherently unbelievable." *See Agonafer*, 859 F.3d at 1203 (quoting *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991)). Mutti had previously testified before an Immigration Judge that he was not politically active in India, which contradicted Mutti's new claim that he had been "abused, tortured, and threatened in the past for fighting for" his beliefs. Evidence in the record also supported the BIA's determination that circumstances had not changed in ways material to Mutti since his original removal proceedings. The materials Mutti submitted in connection with his motion to reopen did not require the BIA to conclude otherwise.

For substantially the same reasons, the BIA also did not abuse its discretion or apply an incorrect legal standard in concluding that Mutti had not established a prima facie case for asylum, withholding of removal, or CAT protection. *See Silva v. Garland*, 993 F.3d 705, 718–19 (9th Cir. 2021). On this record, the BIA could conclude that Mutti did not meet his "heavy burden of proving that, if proceedings

were reopened, the new evidence would likely change the result in the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quotations omitted).

We reject Mutti's argument that the BIA failed to consider his arguments or explain its decision. The record does not support Mutti's assertions. We further reject Mutti's argument that the BIA mischaracterized the evidence, because even assuming the BIA committed any such error, it was harmless.

**PETITION DENIED.**